IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER JOSEPH MAES,

    Petitioner,                    No. 2:12-cv-1634-KJM-DAD P

    vs.

FRANK X. CHAVEZ, Warden,        FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

        Petitioner, a state prisoner incarcerated at the Sierra Conservation Center in Jamestown, California, is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2009 judgement of conviction entered against him in the Shasta County Superior Court. Before the court is respondent's motion to dismiss the pending federal habeas petition on the grounds that: (1) it was untimely filed beyond the applicable one-year statute of limitations; (2) it is a mixed petition because petitioner's claim three, in which he challenges the imposition of a fee assessed against him pursuant to California Government Code § 70373, was not properly exhausted by presentation to the California Supreme Court; and (3) that this court lacks subject matter jurisdiction over claim three of the petition because petitioner fails to satisfy the in-custody requirement of 28 U.S.C. § 2254(a) with

/////

respect to that unexhausted claim.  Petitioner has filed an opposition[1] to the motion and respondent has filed a reply.

**BACKGROUND**

On May 22, 2009, following a jury trial, petitioner was convicted in the Shasta County Superior Court for being a registered sex offender who failed to provide notification of a change of address as required by California Penal Code § 290(F)(1)(a).  (Lod. Doc. No. 1.)  Petitioner was sentenced to an indeterminate term of 25 years to life imprisonment because he had two prior "serious" felony convictions.  (Lod. Doc. No. 2.)  On October 21, 2010, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction.  (Id.)  On December 2, 2010, petitioner filed a petition for review with the California Supreme Court.  (Lod. Doc. No. 3.)  On January 12, 2011, that petition was summarily denied.  (Lod. Doc. No. 4.)

Not until April 10, 2012, did petitioner file a petition for a writ of habeas corpus with the Shasta County Superior Court.[2]  (Lod. Doc. No. 5.)  On May 7, 2012, that court denied

/////
/////
/////
 /////
/////

---

[1] In his opposition petitioner concedes that his claim three is unexhausted and fails to satisfy the in-custody requirement.  (Doc. No. 18 at 2-3.)  Petitioner requests that his third claim for relief be deleted or dismissed and that the court permit him to proceed on his properly exhausted claims.

[2] The court applies the mailbox rule in determining the date of filing of petitioner's state and federal habeas petitions.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).  Applying the mailbox rule in the most generous manner possible to petitioner, the Court will deem his petitions filed on the date he signed them and presumably delivered them to prison authorities for mailing.

1  the petition citing the decision in In re Connor, 16 Cal.2d 701, 705 (1940).  (Lod. Doc. No. 6.)[3]
2  Petitioner filed no other collateral attacks on his conviction in the state courts.  Instead, eight
3  days after the denial of his petition by the Shasta County Superior Court, on May 15, 2012,
4  petitioner filed his federal petition for a writ of habeas corpus with the U.S. District Court for the
5  Northern District of California.  (Doc. No. 1.)  On June 19, 2012, this federal habeas action was
6  transferred to this court.  (Doc. No. 4.)

## THE ARGUMENTS OF THE PARTIES

In moving to dismiss this habeas action as untimely, respondent contends that petitioner's judgment of conviction became final on April 12, 2011, ninety-days after the California Supreme Court denied review and his time for the filing a petition for writ of certiorari with the U.S. Supreme Court expired.  (Doc. No. 13 at 3.)  Respondent argues that the one-year statute of limitations for the filing of a federal habeas petition therefore began to run on April 13, 2011, and absent tolling expired on April 12, 2012.  (Id.)  Respondent notes that the pending petition was not filed in federal court until May 15, 2012.

According to respondent, petitioner is entitled to 28 days of statutory tolling from April 10, 2012 when his state habeas petition was filed in the Shasta County Superior Court until May 7, 2012 when that petition was denied.  (Id.)  Respondent argues that on May 7, 2012 the statute of limitations for the filing of a federal petition began to run again and expired on May 10, 2012.  (Id.)  Therefore, respondent contends, the federal habeas petition pending before this court is time-barred under 28 U.S.C. § 2244(d) because it was not filed until May 15, 2012, five days after the statute of limitations for doing so had expired.  (Id.)

---

[3] It appears that the habeas petition filed by petitioner in the Shasta County Superior Court presented the identical claims that had been rejected by the state appellate courts on direct review.  (See Lod. Doc. No. 5.)  This is made clear by the fact that in the "claims for relief" section of that petition, petitioner referred the court to the attached 57-page brief filed on his behalf on his direct appeal to the California Court of Appeal for the Third Appellate District.  In denying the state habeas petition the Superior Court cited the decision in In re Connor, which stands for the proposition that a "defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him." 16 Cal. 2d at 705.

In opposition to the motion to dismiss, petitioner merely asserts that he is entitled to the benefit of the mailbox rule with respect to the date of his filings and that he erroneously filed his federal habeas petition in the wrong U.S. District Court. (Doc. No. 18 at 1-2.) Petitioner does not specifically contend that he is entitled to either statutory or equitable tolling of the applicable statute of limitations. However, he does suggest that respondent's contention that his federal habeas petition was filed five days late is a minor matter that should not prevent the court from addressing the merits of that petition. (Id. at 2-3.)

In reply, respondent reiterates that petitioner's federal habeas application was filed five days after the AEDPA statute of limitations had expired. (Doc. No. 19 at 2.) Respondent points out that the calculation embodied in the motion to dismiss applies the mailbox rule in petitioner's favor and does not contest petitioner's position with respect to date his judgment became final or when his petitions were filed. (Id.) It is respondent's position that applying all of the dates asserted by plaintiff himself, his federal habeas petition was filed five days too late.

## ANALYSIS

Petitioner filed his federal habeas petition after April 24, 1996, therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the petition. See Lindh v. Murphy, 521 U.S. 320, 326 (1997). The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. More specifically, 28 U.S.C. § 2244(d) states as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, under § 2244(d)(1), the statute of limitations for a federal habeas petition begins to run upon either:  (1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals followed by the expiration of the time permitted for filing a petition for writ of certiorari.  Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Here, the California Supreme Court denied the petition for review on direct appeal on January 12, 2011.  The time for petitioner to file a petition for writ of certiorari with the United States Supreme Court ended on April 12, 2011, or ninety days after the California Supreme Court denied review.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) ("The period within which Bowen could have sought direct review of his conviction therefore included the ninety-day period within which Bowen could have filed a petition for writ of certiorari from the United States Supreme Court.  Consequently, the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A) began to run on the date that ninety-day period expired.").

Accordingly, in this case the statute of limitations for petitioner's filing of a federal habeas petition began to run on April 12, 2011.[4]  Pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA statute of limitations is statutorily tolled during the time a properly filed application for

---

[4] Petitioner does not allege any of the requisite circumstances that would provide for a later commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(B-D).

post-conviction relief is pending in state court. The statute of limitations is not tolled during the interval between the date on which a judgement of conviction becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending" during that period. See Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("The period between when direct review becomes final and the filing of a state habeas petition is not tolled[.]"); Raspberry v. Garcia, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).[5]

Here, petitioner filed his only state habeas petition in the Shasta County Superior Court on April 10, 2012. By that time 363 days of the one-year AEDPA statute of limitations for the filing of a federal habeas petition had already expired, leaving only two days for the filing of a timely federal application. The Shasta County Superior Court denied petitioner's state habeas petition on May 7, 2012, and on that day statutory tolling ceased and the AEDPA statute of limitations began running again.[6] Petitioner did not file his petition for a writ of habeas corpus with the U.S. District Court for the Northern District of California until May 15, 2012. By the time petitioner filed his federal habeas petition, the two days remaining under the AEDPA statute

/////

---

[5] Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the petitions are "reasonable." Evans v. Chavis, 546 U.S. 189, 192-93 (2006) (citing Carey v. Saffold, 536 U.S. 214, 222-23 (2002)); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir.), cert. denied, ___ U.S.___ ,132 S. Ct. 554 (2011); Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).

[6] Respondent has conceded for purposes of this motion that petitioner was entitled to statutory tolling for the period his habeas petition was pending before the Shasta County Superior Court. (Doc. No. 13 at 3.) It is not entirely clear that this concession is well-grounded. As noted above, petitioner's sole state habeas petition literally incorporated by reference the same claims that were rejected on direct appeal. See fn. 3, above. That petition was denied with a citation at least suggesting that the denial was based on a finding that the petition was successive. Id. Although in a somewhat different context, it has been held that a successive state habeas petition does not entitle a petitioner to statutory tolling of the AEDPA statute of limitations. Banjo, 614 F.3d at 968-69; Lewis v. Mitchell, 173 F. Supp.2d 1057, 1071 (C.D. Cal. 2001). However, in light of the analysis undertaken above which is dispositive of the pending motion, this issue need not be resolved here and respondent's concession of statutory tolling will therefore be accepted.

of limitations period for petitioner's filing of a petition had expired.  Accordingly, the pending federal habeas petition is time-barred absent equitable tolling.

As noted, petitioner has not specifically argued that he is entitled to either statutory or equitable tolling in his opposition to the pending motion.  However, he has suggested that respondent's argument that his federal petition was filed merely five days late, is a "minor allegation" that should not prevent the court from addressing the merits of his habeas petition. (Doc. No. 18 at 2-3.)  Even interpreting this argument as one in support of the equitable tolling of the statute of limitations in this case, however, is of no aid to petitioner.

The United States Supreme Court has confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).  See also Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011); Lakey v. Hickman, 633 F.3d 782, 784 (9th Cir.), cert. denied ___U.S.___, 131 S. Ct. 3039 (2011); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010).[7]  However, "a 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). See also See also Doe, 661 F.3d at 1011; Lakey, 633 F.3d at 784; Porter, 620 F.3d at 959; Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008) ("We have stated that the purpose of the equitable tolling doctrine is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court. . . . Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control.") (internal quotation marks and citations omitted).  Thus, equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the

---

[7] The Ninth Circuit had previously so held. See Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009); Calderon v. U.S. District Court for the Central District of California (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc).

failure to file a timely petition.  Velasquez, 639 F.3d at 969; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process."  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by, Calderon, 163 F.3d 530; see also Lakey, 633 F.3d at 786 ("The high threshold of extraordinary circumstances is necessary 'lest the exceptions swallow the rule.'"); Porter, 620 F.3d at 959; Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling).  To this end, "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied[.]"  Holland, 130 S. Ct. at 2564.  Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case."  Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)); see also Holland, 130 S. Ct. at 2565 (leaving "to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail"); Doe, 661 F.3d at 1012 ("[W]hether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact-specific inquiry by the habeas court which may be guided by 'decisions made in other similar cases.'") (citing Holland, 130 S. Ct. at 2563).

Here, the fact that petitioner's pending federal habeas petition was presented for mailing a mere five days after the one-year statute of limitations had expired, does not by itself provide grounds for equitable tolling.  See Rouse v. Lee, 339 F.3d 238, 253 (4th Cir. 2003) (finding that petitioner was one day late in filing his petition and holding that "[f]ailure to adhere to the AEDPA's precise filing deadlines, however, even by only a few days, would make navigating [the] AEDPA's timetable impossible . . . .  Accordingly, we look not to the length of the delay, but to the reasons for delay in determining whether equitable tolling is appropriate."); Lattimore v. Dubois, 311 F.3d 46, 53-54 (1st Cir. 2004) (reversing district court's granting of a

"grace period" and dismissing habeas petition as untimely when it was submitted one day after the statute of limitations had expired); Lookingbill v. Cockrell, 293 F.3d 256, 265 (5th Cir. 2002) ("We have consistently denied tolling even where the petition was only a few days late"); United States v. Marcello, 212 F.3d 1005, 2010 (7th Cir. 2000) (habeas petition submitted one day late was properly dismissed as untimely under AEDPA); Vigil v. Gipson, No. CV 11-10360 RGK (JCG), 2012 WL 1163633, at *1 (C.D. Cal. Mar. 13, 2012) ("While one could perhaps be sympathetic to a one-day delay, this Court is obligated to follow the strict mandates of AEDPA, as many other courts have done in similar circumstances for sound reasons."), report and recommendation adopted by 2012 WL 1163133 (C.D. Cal. Apr. 9, 2012); see also United States v. Locke, 471 U.S.84, 101 (1985) ("Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.").

Here, petitioner has clearly not carried his burden of showing that extraordinary circumstances prevented a timely filing thereby entitling him to equitable tolling of the AEDPA statute of limitations.

**CONCLUSION**

For all the reasons set forth above, IT IS HEREBY RECOMMENDED that respondent's September 5, 2012 motion to dismiss the pending petition for writ of habeas corpus on the ground that it was filed beyond the applicable one-year statute of limitations (Doc. No. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 7, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
maes1634.mtd

10